No. 84-66

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

IN THE MATTER OF B.L.O.,
Youth in Need of Care.

APPEAL FROM: District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable Douglas Harkin, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Donald J. Louden, Missoula, Montana
Terry Wallace, Missoula, Montana

For Respondent:

Hon. Mike Greely, Attorney General, Helena, Montana
Robert F.W. Smith, Asst. Atty. General, Helena
Robert L. Deschamps, III, County Attorney, Missoula,
Montana
John Riddiough, Missoula, Montana

Submitted on Briefs: June 28, 1984
Decided: October 31, 1984

Filed: **OCT 31 1984**

*Ethel M. Harrison*

_____
Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

The mother of B.L.O. appeals an order of the Fergus County District Court declaring B.L.O. to be a youth in need of care. She also appeals an order of the Missoula County District Court granting temporary legal custody of the child to the Department of Social and Rehabilitation Services (SRS). Both orders are affirmed.

The mother raises three procedural issues and two substantive evidentiary issues. First, she contends that she did not have a fair opportunity to appear and show cause why her child should not be adjudged a youth in need of care. Second, she contends that neither trial court had jurisdiction of the child because the natural father was never served with notice of these proceedings. Third, she argues that the failure of the Missoula County Welfare Department to prepare a financial status report on her renders the trial court proceedings invalid. Fourth, she contends that the evidence does not support the trial court's findings that her child is a youth in need of care. Fifth, and finally, she alleges that the Missoula County trial court disregarded the statutory preference for preserving family unity and abused its discretion by granting temporary custody of her child to the SRS.

The child was born in June 1977, in Fergus County, Montana. The mother and the natural father separated before the child's birth because of spousal abuse, and the father has not maintained any contact with his child.

When the child was about three years old, Fergus County officials became concerned over the child's age-inappropriate

behavior. A Child Protective Team was assembled and sought the mother's aid in evaluating the child. When she refused to cooperate, Fergus County officials had her personally served in Fergus County with a summons and petition for change in legal custody. The summons and petition ordered the mother to appear and show cause why her child should not be adjudged a youth in need of care, and why the State of Montana should not be granted temporary legal custody of him. Before the hearing, the mother and the child fled the state, eventually reaching North Carolina. The court heard the matter in their absence, and based on the testimony of a psychiatrist and a local social worker, the child was declared a youth in need of care and temporary custody was granted to the SRS. The dispositional order was never enforced because of the child's absence from the state. About two years later, the SRS discovered that the mother and child were in Missoula, Montana, and on the basis of the Fergus County order, and acting under section 41-3-301, MCA, placed the child in emergency protective custody. The Missoula County Attorney's Office then filed a petition under section 41-5-204, MCA, to transfer venue of the action from Fergus County to Missoula County, and to require the mother to appear and show cause why temporary custody should not be continued in the SRS.

The Missoula County trial court held several evidentiary hearings and substantial testimony was introduced concerning the current status of the child as an abused or neglected youth, and the various dispositional treatment plans proposed. The mother had several witnesses testify on her behalf, and her counsel extensively cross-examined the State's witnesses. The testimony revealed that the child,

- 3 -

who was five years old at the time, was mentally functioning at about the level of a one year old. All witnesses seemed to agree that in light of the severity of the child's problem and his advancing age, immediate treatment was urgently needed.

By an order filed December 6, 1982, the Missoula court ruled that the Fergus County order effectively determined the child to be a youth in need of care. Nonetheless, the trial court went on to find separate and apart from the Fergus County order, that the child was still a youth in need of care and the mother was a direct and indirect cause of the harm. The Missoula court then granted temporary custody of the child to the State of Montana, and ordered the child be placed in the Colorado Christian Home, in Denver, Colorado, for 60 days to allow for evaluation and treatment.

About four months later, the court held another dispositional hearing and the health and welfare officials submitted definite treatment plans for both the child and the mother. The court determined that no treatment facility was available in Montana that would meet the child's needs and it adopted the treatment plan proposed for the child by the Colorado Christian Home. The trial court also adopted the treatment plan submitted by the State of Montana for the mother. The Missoula court held that compliance with both treatment plans was in the best interest of the child. Temporary legal custody was retained by the SRS and the child was enrolled in the Colorado Christian Home treatment facility.

The mother first claims that she was not given a fair opportunity to appear and show cause why her child should not be declared a youth in need of care. However, she had two

opportunities. The first occurred in Fergus County when the mother was properly served with notice of the hearing. She could have contested the adjudication of her child as a youth in need of care at that time, but she chose to flee with the child instead. The Fergus County hearing held in their absence was proper, and the order entered by that trial court was valid. Nonetheless, the mother had a second opportunity when the Missoula County trial court held a hearing to determine the current status of the child, and to make a dispositional ruling. The mother presented several witnesses on her behalf and her counsel extensively cross-examined the State's witnesses. We have no doubt that the mother had a fair opportunity at each of these hearings to contest the adjudication of her child as a youth in need of care.

Second, the mother contends that the trial court proceedings in both counties were invalid because the natural father was not served with notice of the action. But the mother has no standing to contest the failure to serve the natural father, as she has shown no personal interest adversely affected. Further, the father has not been in contact with the child since birth, and the mother admits that most probably the Fergus County and Missoula County officials did not know where the father was.

Third, the mother contends that the failure of the Missoula County Welfare Department to prepare and submit a financial status report on her as set forth in section 41-3-1123, MCA, renders the trial court proceedings invalid. The record discloses that the mother failed to object to this alleged error at the trial court level, and she therefore is precluded from raising this issue on appeal. But more important, the failure to file a report could not affect the

- 5 -

validity of the proceedings. The report's purpose is only to aid the trial court in determining the financial ability of the parents to contribute to costs incurred as the result of placing their child in a treatment facility. The record demonstrates that the mother has never been asked to contribute to the costs of treating either her child or herself. Clearly, failing to file the report could not affect the validity of the proceedings and is at most harmless error.

Fourth, the mother contends that the evidence does not support the trial court's findings that her child is a youth in need of care. She argues the trial court's findings are incorrect because at most the nature and cause of her child's problems could not be determined. However, section 41-3-101, et seq., MCA, do not require a determination of the exact nature and cause of a child's problems before reaching a proper decision. As we discussed in the first contention, the mother failed to appear at the Fergus County hearing, and that court's determination that her child was a youth in need of care is valid and binding. Nonetheless, the Missoula County hearing demonstrates the trial court's thorough and intense examination of all factors presented. The trial court's findings in Fergus County and in Missoula County, were supported by substantial credible evidence.

Fifth and finally, the mother contends that the Missoula County trial court disregarded the statutory preference for preserving family unity and abused its discretion by granting temporary custody of her child to the SRS. The record demonstrates that the Missoula court carefully considered all proposed treatment plans that would allow the mother and child to stay together in Montana. However, the trial court

found that no treatment facilities were available in Montana that could adequately deal with the child's severe problems. The trial court also found that the mother was not only incapable of providing her child with the specialized treatment that he required, but that the mother was at least partially responsible for his condition. Further, the treatment plan adopted by the trial court for the mother states that its first two goals are to assist the mother in working to regain physical custody of her child, and to aid her in establishing herself as a person capable of providing the quality and type of care that her child requires. The trial court's actions have fully satisfied the statutory requirements.

The orders of the Fergus County and Missoula County District Courts are affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

- 7 -